**NOT FOR PUBLICATION**



FILED

MAR 23 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

# UNITED STATES COURT OF APPEALS

## FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| GEORGE FERNANDEZ and RANGESAN NARAYANAN, <br><br> Plaintiffs - Appellants, <br><br> v. <br><br> BOARD OF REGENTS OF NEVADA SYSTEM OF HIGHER EDUCATION and STATE OF NEVADA, <br><br> Defendants - Appellees. | No. 14-15554 <br><br> D.C. No. 3:11-cv-00744-LRH-VPC <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
Larry R. Hicks, District Judge, Presiding

Argued and Submitted March 16, 2016
San Francisco, California

Before: BYBEE and N.R. SMITH, Circuit Judges and KORMAN,[**] Senior District Judge.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable Edward R. Korman, Senior District Judge for the U.S. District Court for the Eastern District of New York, sitting by designation.

Plaintiffs-appellants Narayanan and Fernandez were tenured faculty at the University of Nevada, Reno, who filed this suit against the Board of Regents of the Nevada System of Higher Education, as well as then-Provost Marc Johnson, after they were terminated during a recent round of budget cuts at the university. They allege national origin discrimination in violation of 42 U.S.C. § 2000e-2 and 42 U.S.C. § 1983, as well as violations of their substantive due process rights and state-law breach of contract claims. They appeal (1) the district court's entry of summary judgment on the national origin discrimination claims; and (2) the dismissal of their substantive due process claims and (3) contract claims. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. The plaintiffs failed to show disparate treatment based on their national origin. In order to establish such a claim, the plaintiffs must make a prima facie showing of discrimination by demonstrating that similarly situated individuals not in the plaintiffs' protected class were treated more favorably, or that the university had a continuing need for the plaintiffs' services. *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1281 (9th Cir. 2000). If a plaintiff establishes a prima facie case, the burden of proof then shifts to the defendants to demonstrate that there were legitimate, non-discriminatory reasons for the adverse employment action. *Chuang v. Univ. Cal. Davis, Bd. of Trs.*, 225 F.3d 1115, 1123–24 (9th Cir. 2000).

2

If the defendants do so, then the burden shifts back to the plaintiffs to raise a triable issue of material fact as to whether the defendants' given reasons for the adverse action were pretextual. *Noyes v. Kelly Servs.*, 488 F.3d 1163, 1168 (9th Cir. 2007).

The plaintiffs failed to establish a prima facie case. The individuals they identified as being similarly situated had materially different qualifications or held materially different positions at the university, and so were not, in fact, similarly situated to the plaintiffs. *Moran v. Selig*, 447 F.3d 748, 755 (9th Cir. 2006) (noting that two employees' roles need not be identical, but must be similar "in all material respects"); *Vasquez v. Cty. of Los Angeles*, 349 F.3d 634, 641 (9th Cir. 2003) (individuals will typically be similarly situated "when they have similar jobs and display similar conduct"). It is undisputed that the plaintiffs' administrative positions and the department in which they were tenured were eliminated during the budget cuts, and the plaintiffs did not identify any open faculty positions at the university for which they were qualified that they could have filled instead.

Even assuming the plaintiffs established a prima facie case, however, the defendants demonstrated that there were legitimate, non-discriminatory reasons for the plaintiffs' termination (state-mandated budget cuts), and the plaintiffs failed to produce sufficient evidence to create a dispute of material fact as to whether the non-discriminatory reasons for the layoffs were pretextual. Indeed, the evidence

3

showed that the university actively sought alternative positions for the plaintiffs in order to retain them, but that there were no available positions for the plaintiffs to fill. The district court did not err in granting summary judgment on these claims.

2. To the extent the plaintiffs' substantive due process claims are premised on national origin discrimination, these claims are dealt with by the analysis above. As to the substantive due process claims premised on breach of contract, this court has never held that a state actor commits a substantive due process violation merely by breaching a contract. The district court did not err in dismissing these claims.

3. Regarding the breach of contract claims, the plaintiffs did not plausibly allege that the university committed violations of the Nevada System of Higher Education Code in terminating them after their positions were eliminated during the curricular review process. Given the context in which they were laid off, the plaintiffs needed to make more than the bare assertion that they could have been reassigned to alternative positions or that the university did not make reasonable efforts to retain them. The plaintiffs were twice given the chance to amend their complaint as to these claims, and failed to allege any additional facts to render their allegations plausible. The district court did not err in dismissing these claims.

AFFIRMED.

4